UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EDWARD OWAKI,

Plaintiff,

vs.

THE CITY OF MIAMI; CITY OF MIAMI OFFICER DOE 21, individually; BROWARD SHERIFF KENNETH C. JENNE, II, in his Official capacity as Sheriff of Broward COUNTY; JOHN DOES and JANE DOES [1-10], in their official and individual capacities; MIAMI DADE COUNTY; MIAMI DADE COUNTY CORRECTIONAL OFFICERS JOHN AND JANE DOES [10-20],

Defendants.

_______________________________/

**JOINT NOTICE OF REMOVAL**

The Defendants, CITY OF MIAMI (hereinafter the "CITY"), BROWARD SHERIFF KENNETH C. JENNE, II (hereinafter "BSO"), and MIAMI DADE COUNTY (hereinafter the "COUNTY"), by and through their respective undersigned attorneys, pursuant to 28 U.S.C. Section 1441, *et seq.*, hereby give notice of removal of this cause by the filing and service of this Notice, and state:

1. On November 17, 2005, Plaintiff, EDWARD OWAKI, filed a Complaint against the Defendants in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, bearing Case No.:05-22555 CA 13.

2. According to the face of the SUMMONS, process was served upon the CITY on March 9, 2006, upon the COUNTY on **March 13,2006**, and upon BSO on March 16, 2006. To the knowledge of these Defendants, no other defendants have been served to date. Indeed, according to the docket sheet for the case to date, no other Summons has been issued for any other Defendant (the docket sheet is attached as Exhibit "A").

3. The service of the SUMMONS and COMPLAINT was the first receipt by the CITY, COUNTY and BSO of a pleading from which it could first be ascertained that the case is one which is or has become removable, as it sets forth a purported claim for relief under federal law, for purposes of 28 U.S.C. Section 1446(b).

4. The allegations of the COMPLAINT attempt to allege a claim arising under the Constitution and laws of the United States, i.e., 42 U.S.C. Section 1983.

5. Copies of all process and pleadings served upon the Defendants in the action being removed are attached hereto in compliance with 28 U.S.C. Section 1441(a), i.e., the Summons as Exhibits "B-1", "B-2" and "B-3", and the Complaint as Exhibit "C".

DATED: 3-23-06

JORGE L. FERNANDEZ, City Attorney
WARREN BITTNER, Asst. City Atty.
Attorney for **CITY**
444 Southwest 2nd Ave, Suite 945
Miami, Florida 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Email: wrbittner@ci.miami.fl.us

By: [signature]
WARREN BITTNER
Fla. Bar No. 370959

DATED: 3-22-06

BEVERLY A. POHL, ESQ.
BROAD AND CASSEL
Attorney for **BSO**
100 S.E. Third Ave., Suite 2700
Fort Lauderdale, FL 33394
Tel: (954) 764-7060
Fax: (954) 713-0962
Email: bpohl@broadandcassel.com

By: [signature]
BEVERLY POHL
Fla. Bar No. 907250

DATED: 3-23-06

MURRAY A. GREENBERG, County Attorney
JEFFREY EHRLICH, Asst. County. Atty.
Attorney for **COUNTY**
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Tel.: (305) 375-5151
Fax. (305) 375-5611
Email: eherhlich@miamidade.gov

By: ______________________ (for)
JEFFREY EHRLICH
Assistant County Attorney
Fla. Bar # 51561

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by mail to those listed on the attached Service List, this 24th day of March, 2006.

By: ______________________
WARREN BITTNER
Asst. City Attorney

WB:notice of removal

# SERVICE LIST

John De Leon, Esq.
Law Offices of Chavez & de Leon, P.A.
5975 Sunset Drive, Suite 605
S. Miami, FL 33143
Tel: (305) 740-5347
Fax: (305) 0740-5348
e-mail: jdeleon@chavez-deleon.com

Beverly A. Pohl, Esq.
Broad and Cassel
100 S.E. Third Ave., Suite 2700
Fort Lauderdale, FL 33394
bpohl@broadandcassel.com
Fax: (954) 713-0962

Jeffrey Ehrlich, ACA
Office of the County Attorney
Miami-Dade County
111 N.W. 1ST Street, Suite 2810
Miami, FL 33128-1930
ehrlich@miamidade.gov
Fax: (305) 375-5634

Warren Bittner, ACA
Office of the City Attorney
City of Miami
Miami Riverside Center, Suite 945
444 S.W. 2nd Ave.
Miami, FL 33130-1910
wrbittner@ci.miami.fl.us
Fax: (305) 416-1801

Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County




# Civil / Family / Probate Justice System All Case Parties

**OWAKI, EDWARD vs CITY OF MIAMI**

| | | | |
|---|---|---|---|
| **Case Number (LOCAL):** | 2005-22555-CA-01 | **Judicial Section:** | 13 |
| **Case Number (STATE):** | 13-2005-CA-022555-0000-01 | **Case Type:** | 17 |
| **Consolidated Case Number:** | N/A | **Filing Date:** | 11/17/20( |

| **Party Code** | **Party Name** |
|---|---|
| PN 01 | OWAKI, EDWARD |
| DN 01 | CITY OF MIAMI |
| DN 02 | CITY OF MIAMI OFFICER (DOE) 21 |
| DN 03 | JENNE, KENNETH C (BROWARD SHERIFF) |
| DN 04 | MIAMI DADE COUNTY |
| DN 05 | MIAMI DADE COUNTY CORRECTIONAL OFFICERS |

BEGIN NEW SEARCH DOCKET INF

Home | Online Services | Meet the Clerk | Contact-Us | Miami-Dade County | Privacy Policy | Disclaimer | Troubleshooting
Help | Email | Civil Search Home | Login

Clerk of Courts
11th Judicial Circuit of Florida
Miami-Dade County




# Civil / Family / Probate Justice System Docket Information

**OWAKI, EDWARD vs CITY OF MIAMI**

* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2005-22555-CA-01 **Filing Date:** 11/17/2005

**Case Number (STATE):** 13-2005-CA-022555-0000-01 **Dockets Retrieved:** 6

**Judicial Section:** 13

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 03/20/06 | | SERVICE RETURNED | BADGE # 1475 P 03/09/2006 DN01 |
| 03/20/06 | | SERVICE RETURNED | BADGE # 321 P 03/16/2006 DN03 |
| 11/17/05 | | CIVIL COVER | |
| 11/17/05 | | COMPLAINT | |
| 11/17/05 | | DEMAND FOR JURY TRIAL | |
| 11/17/05 | | SUMMONS ISSUED | DN01 |

BEGIN NEW SEARCH ALL PARTII

Home | Online Services | Meet the Clerk | Contact-Us | Miami-Dade County | Privacy Policy | Disclaimer | Troubleshooting
Help | Email | Civil Search Home | Login

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RECEIVED BY: 2006 MAR -9 AM 10:58 MAYOR'S OFFICE

EDWARD OWAKI

CASE NUMBER: 05-22555 CA 13

Plaintiff,

vs.

THE CITY OF MIAMI;
CITY OF MIAMI OFFICER DOE 21, INDIVIDUALLY;
BROWARD SHERIFF KENNETH C. JENNE, II, in his official capacity as Sheriff of Broward COUNTY; JOHN DOES and JANE DOES [1-10], in their official and individual capacities; MIAMI DADE COUNTY; MIAMI DADE COUNTY CORRECTIONAL OFFICERS JOHN and JANE DOES [10-20]

ASSIGNED TO: WB

DATE: 3-13-06

WB

Defendants.

_______________________/

**CIVIL ACTION SUMMONS**

IMPORTANTE: En Español ver al dorso
IMPORTANT: Francais Au Verso

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**City of Miami**
**Mayor Manuel A. Diaz**
**3500 Pan American Drive**
**Miami, FL 33133**

You have **20** calendar days after service of this Summons on that defendant, exclusive of the day of service, to file a written response to the attached Petition in this court. A phone call will not protect you. Your written response, including



3/9/06 | 475 FCJ
11:10AM 11th Judicial

the above case number and named parties must be files if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at **73 West Flagler Street, Miami, Florida 33130**. Each Defendant is required to serve written defenses to his complaint or petition to Plaintiff's Attorney, who is John de Leon, Esquire 5975 Sunset Drive, Suite 605, Miami, Florida 33143.

HARVEY RUVIN By: RALPH GUEDES DATE:

CLERK OF COURTS DEPUTY CLERK MAR - 9 2006

(COURT SEAL)

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta antes el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff-Plaintiff Attorney"

(Demandante o Abogado del Demandante)

IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vouz avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour depose ecrite a la plainte ci-jointe apures de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que vote salaire, votre argent., et vos biens peuvent etre saisis por la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vouz ne cannaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous chosissez de deponer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff-Plaintiff Attoney (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

EDWARD OWAKI

Plaintiff,

CASE NUMBER: 05-22555 CA 13

vs.

THE CITY OF MIAMI;
CITY OF MIAMI OFFICER DOE 21, INDIVIDUALLY;
BROWARD SHERIFF KENNETH C. JENNE, II, in his official capacity as Sheriff of Broward COUNTY; JOHN DOES and JANE DOES [1-10], in their official and individual capacities; MIAMI DADE COUNTY; MIAMI DADE COUNTY CORRECTIONAL OFFICERS JOHN and JANE DOES [10-20]

Defendants.
_____________________________/

**CIVIL ACTION SUMMONS**

IMPORTANTE: En Español ver al dorso
IMPORTANT: Francais Au Verso

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

FCR 1475 12:39pm
3/13/06 11th Judicial

**Miami-Dade County**
**Mayor Carlos Alvarez**
**Stephen P. Clark Center**
**111 N.W. 1ST Street**
**29th Floor**
**Miami, FL 33128**

You have **20** calendar days after service of this Summons on that *defendant*, exclusive of the day of service, to file a written response to the attached Petition

in this court. A phone call will not protect you. Your written response, including the above case number and named parties must be files if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at **73 West Flagler Street, Miami, Florida 33130**. Each Defendant is required to serve written defenses to his complaint or petition to Plaintiff's Attorney, who is John de Leon, Esquire 5975 Sunset Drive, Suite 605, Miami, Florida 33143.

HARVEY RUVIN By: RALPH GUEDES DATE: MAR - 9 2006

CLERK OF COURTS DEPUTY CLERK

(COURT SEAL)

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta antes el tribunal, deberá usted enviar por correo o

entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff-Plaintiff Attorney"
(Demandante o Abogado del Demandante)

IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vouz avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour depose ecrite a la plainte ci-jointe apures de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que vote salaire, votre argent., et vos biens peuvent etre saisis por la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vouz ne cannaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous chosissez de deponer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff-Plaintiff Attoney (Plaignant ou a son avocat) nomme ci-dessous.

ORIGINAL TO RISK

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

EDWARD OWAKI

CASE NUMBER: 05-22555 CA 13

Plaintiff,

vs.

THE CITY OF MIAMI;
CITY OF MIAMI OFFICER DOE 21, INDIVIDUALLY;
BROWARD SHERIFF KENNETH C. JENNE, II, in his official capacity as Sheriff of Broward COUNTY; JOHN DOES and JANE DOES [1-10], in their official and individual capacities; MIAMI DADE COUNTY; MIAMI DADE COUNTY CORRECTIONAL OFFICERS JOHN and JANE DOES [10-20]

Defendants.
_______________________/

ACCEPTED BY: Cathy Cowan

DATE: 3-16-06

#321
3/16/06 1230PM

**CIVIL ACTION SUMMONS**

IMPORTANTE: En Español ver al dorso
IMPORTANT: Francais Au Verso

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**SHERIFF KENNETH C. JENNE, II**
**Broward Sheriff's Office**
**2601 W. Broward Boulevard**
**Ft. Lauderdale, FL 3331**

You have **20** calendar days after service of this Summons on that defendant, exclusive of the day of service, to file a written response to the attached Petition in this court. A phone call will not protect you. Your written

response, including the above case number and named parties must be files if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at **73 West Flagler Street, Miami, Florida 33130**. Each Defendant is required to serve written defenses to his complaint or petition to Plaintiff's Attorney, who is John de Leon, Esquire 5975 Sunset Drive, Suite 605, Miami, Florida 33143.

RALPH GUEDES

HARVEY RUVIN By: ______________________ DATE: MAR - 9 2006

CLERK OF COURTS DEPUTY CLERK

______________________________________________________________

______________________________________________________ (COURT SEAL)

______________________________________________________________

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta antes el tribunal, deberá usted enviar por correo o

entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff-Plaintiff Attorney"
(Demandante o Abogado del Demandante)

IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vouz avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour depose ecrite a la plainte ci-jointe apures de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que vote salaire, votre argent., et vos biens peuvent etre saisis por la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vouz ne cannaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous chosissez de deponer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff-Plaintiff Attoney (Plaignant ou a son avocat) nomme ci-dessous.

**IN THE CIRCUIT COURT OF THE IITH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE MIAMI DADE COUNTY,
FLORIDA**

**GENERAL JURISDICTION DIVISION**

| | | |
|---|---|---|
| **EDWARD OWAKI** | ) | **Case No.** |
| | ) | |
| **Plaintiff** | ) | **COMPLAINT FOR DAMAGES: CIVIL** |
| | ) | **RIGHTS VIOLATIONS (42 USC § 1983)** |
| **v.** | ) | **AND STATE LAW CLAIMS.** |
| | ) | |
| **THE CITY OF MIAMI; CITY OF MIAMI OFFICER DOE 21, INDIVIDUALLY; BROWARD SHERIFF KENNETH C. JENNE, II, in his official capacity as Sheriff of Broward COUNTY; JOHN DOES and JANE DOES [1-10], in their official and individual capacities; MIAMI DADE COUNTY; MIAMI DADE COUNTY CORRECTIONAL OFFICERS JOHN and JANE DOES [10-20]** | ) ) ) ) ) ) ) | **[DEMAND FOR JURY TRIAL]** |
| **Defendants.** | | |

RECEIVED BY
2006 MAR 9 AM 10: 58
MAYOR'S OFFICE

COMES NOW PLAINTIFF, EDWARD OWAKI, and alleges as follows:

**INTRODUCTION**

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars exclusive of interest and costs, brought pursuant to 42 U.S.C. section 1983, and the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Florida

2. It is herein alleged that on or about November 20, 2003, Plaintiff, Edward

Owaki, was injured due to the unreasonable, excessive and lethal force utilized by the police officers of Miami-Dade and Broward County on November 20, 2003 in downtown Miami during the *Free Trade Area of the Americas Conference*. Edward Owaki is a socially conscious student at the University of Massachusetts, who, on November 20, 2003, was peacefully and lawfully engaged in the expression of opposition to the *Free Trade Area of the Americas Conference* in downtown Miami. On November 20, 2003, Edward Owaki was in the area of Flagler Street and Biscayne Boulevard, engaged in peaceful protest and posing no threat or risk of harm to the police officers in the area, or to other persons or property, when he was bludgeoned on the head three times by a Broward Sheriff and/or City of Miami police baton, causing serious and permanent injury. Edward Owaki was then falsely arrested and denied adequate medical treatment despite a visible head injury and repeated loss of consciousness. Edward Owaki seeks vindication of his First, Fourth, Eighth, and Fourteenth Amendment rights and compensation for severe and permanent economic and non-economic injuries, including but not limited to: medical expenses, damage to normal cognitive function, damage to academic career and resulting loss in earning capacity, disfigurement, physical pain and suffering, humiliation, scorn, ridicule, emotional and psychological distress.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of fifteen thousand dollars.

5. This action is brought in part pursuant to 42 U.S.C. sections 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida.

6. Venue is placed in Miami-Dade County because it is where the events complained of occurred.

7. All conditions precedent to the maintenance of this action have been performed before its filing including those set forth in section 768.28, Florida Statutes.

**PARTIES**

3. Plaintiff, EDWARD OWAKI (hereinafter sometimes "PLAINTIFF" is and was a resident of Amherst, Massachusetts during all times relevant hereto.

4. At all times mentioned herein, defendant, THE CITY OF MIAMI, (hereinafter sometimes "CITY OF MIAMI") is and was an incorporated as CITY OF MIAMI within the State of Florida, duly organized and existing under and by virtue of the State of Florida.

5. Defendant KENNETH C. JENNE II is the Sheriff of Broward County (hereinafter "SHERIFF JENNE" or "JENNE"). Said Defendant is responsible, as Sheriff, for the conduct of the deputies in his employ and ensuring that his deputies and agents obey the laws of the State of Florida and the United States. Defendant JENNE is being sued in his official capacity as Sheriff of Broward County and therefore, said Defendant is synonymous with the Broward Sheriff's Office ("BSO").

6. At all times mentioned herein, defendant, Miami Dade County (hereinafter sometimes "MIAMI DADE COUNTY") is and was a public entity duly organized and existing under and by virtue of the Laws of the State of Florida.

7. At all times relevant herein, defendant, OFFICER DARIN DOE 21, (hereinafter sometimes "OFFICER DOE 21") is and was a CITY OF MIAMI Officer.

8. At all times relevant herein, defendants, JOHN DOES and JANE DOES

[1-5] (herein sometimes "DOES 1-5"), were duly appointed police officers, sergeants, captains, commanders, medical personnel, policy makers, and/or civilian employees, agents and representatives of the defendant CITY OF MIAMI who were and were not present at the immediate scene at the time and place alleged herein.

9. At all times relevant herein, defendants, JOHN DOES and JANE DOES, [6-10] (herein sometimes "DOES 6-10") were duly appointed police officers, sergeants, captains, commanders, medical personnel, policy makers, and/or civilian employees, agents and representatives of the defendant JENNE who were or were not present at the immediate scene alleged herein and who were aware of the occurrence of the events alleged herein.

10. At all times relevant herein, defendants, JOHN DOES and JANE DOES, [10-20] (herein sometimes "DOES 10-20") were duly appointed corrections officers, sergeants, captains, commanders, medical personnel, policy makers, and/or civilian employees, agents and representatives of the defendant MIAMI DADE COUNTY and the MIAMI DADE COUNTY DEPARTMENT OF CORRECTIONS.

11. At all times relevant hereto, said defendants, and each of them, were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of Defendants CITY OF MIAMI and/or JENNE and/or MIAMI DADE COUNTY, and were acting with permission and consent of their co-defendants. Said defendants, and each of them, were specifically authorized by defendant CITY OF MIAMI and/or JENNE and/or MIAMI DADE COUNTY, to perform the duties and responsibilities of sworn officers of and for the CITY OF MIAMI, and/or JENNE and/or MIAMI DADE COUNTY and all acts hereinafter complained of were

performed by them within the course and scope of their duties as police officers and officials for said defendants, and are herein sued in there individual and official capacities as police officers, corrections officers, sergeants, captains, commanders, supervisors, policy makers, medical personnel, and/or as other employees of the CITY OF MIAMI and/or JENNE, and/or MIAMI DADE COUNTY.

12. Said defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of CITY OF MIAMI and/or JENNE, and/or MIAMI DADE COUNTY.

13. At the present time, PLAINTIFF, does not know the true names of JOHN DOES and JANE DOES [1-20] and therefore sues these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege said defendants' true names and capacities when such are ascertained. PLAINTIFF is informed and believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAITIFF'S injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

1. Defendants CITY OF MIAMI and DOES 1-5 encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of defendants, and each of them.

2. Defendants JENNE and DOES 6-10 Defendants JENNE and DOES 6-10 encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of defendants, and each of them.

3. Defendants MIAMI DADE COUNTY and DOES 10-20 encouraged,

assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of defendants, and each of them.

4. PLAINTIFF is informed and believes and thereon alleges that defendants, and each of them, participated in some manner in the effectuation of unlawful, organized and illegal customs and practices of excessive force and illegal searches and seizures, false arrests and failure to provide adequate medical care. Said misconduct was performed, encouraged, tolerated and/or condoned by defendants, and each of them. At all material times, and in all of their acts described hereto, Defendants were acting under color of state law and color of their authority as public officials and public employees. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiffs' federally protected rights, as more particularized herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

6. The *Free Trade Area of the Americas* (herein after sometimes "FTAA") summit meeting was held in Miami, Florida from November 17 through November 20, 2003. During the weeks and months leading up to the FTAA meetings, defendants CITY OF MIAMI, SHERIFF JENNE, MIAMI DADE COUNTY including its officers and officials, undertook the planning of operations to control any demonstrations by individuals who were anticipated to be protesting against the FTAA. As part of the planning leading up to the FTAA meetings, Defendants CITY OF MIAMI and SHERIFF JENNE made extensive plans for the use of force, including the use of police batons to control the crowds and to restrict individual movement and expression.

7. Prior to the FTAA meetings in November 2003, it was known to the defendants CITY OF MIAMI and JENNE and their respective individual officers, that the use of police batons swung overhand against a person's head would constitute lethal force. Despite this knowledge, said defendants demonstrated deliberate indifference to the rights and safety of PLAINTIFF by dispatching the use of these weapons in this manner.

8. On or about November 20, 2003, Defendants MIAMI and JENNE, and their respective officers amassed a force on North East Third Street and began to move westward in order to force individuals involved in First Amendment protected activity flee from the area.

9. On or about November 20, 2003, PLAINTIFF, a 19-year old resident of Massachusetts and a current student at the University of Massachusetts Amherst, was engaged in lawful activity, as a participant in a peaceful protest against the FTAA.

10. PLAINTIFF was a former Boy Scout who believed and believes in the Bill of Rights and that citizens in this free nation can demonstrate and make their views known in a public setting.

11. PLAINTIFF at great cost to him believed strongly enough in the dignity and rights of workers throughout the hemisphere to take off time from school to participate in a demonstration against of policies he disapproved. At all times relevant herein, PLAINTIFF was engaged in the exercise of his First Amendment right to assemble, exercise free speech, and express dissent.

12. At or about 9:45 AM, at or about the time of the complained about attack, the protestors and the police, under the immediate supervision of superior officers, were

engaged in physical confrontation. The police officers wore riot gear, including facial masks and shields. They employed tear gas, batons and shields to push the protestors westbound on or around Biscayne Boulevard.

13. Without notice or cause, PLAINTIFF was struck from behind on the head three times with a three foot-long wooden baton, swung in an overhand motion by defendant OFFICER DOE 1 and/or DOE 6. PLAINTIFF who was standing in a group of people, posing no threat to anyone, had his back to the individual who bludgeoned him.

14. After being bludgeoned, PLAINTIFF was pinned to the sidewalk. He was then arrested for 'disorderly conduct' by defendant OFFICER DOE 21. At the time of the arrest, said defendant observed PLAINTIFF'S head injury, sustained as a result of the baton assault by the defendant OFFICER DOE 1 and/or 6, OFFICER DOES 2-10 failed to intervene and/or prevent the actions of OFFICER DOE 1 and/or DOE 6. OFFICER DOES 2-10 failed to contact paramedics, provide medical attention and/or take any other actions on the scene to protect the life and well being of the PLAINTIFF.

15. PLAINTIFF was viciously attacked by the police and Officer Doe 1 and/or 6 for participating in an event he had been taught since childhood was his *right* as an American he could participate in.

16. Defendant OFFICER DOE 1 and/or 6 struck PLAINTIFF from behind on the head three times with a wooden police baton.

17. OFFICER DOE 21 arrested PLAINTIFF without probable cause and failed to call the paramedics. As a result, Plaintiff was denied adequate medical treatment. Said incidents occurred without reason, cause or justification. PLAINTIFF sustained serious injuries.

18. PLAINTIFF was handcuffed and taken to Jackson Memorial Hospital, where he was detained by OFFICER DOES 10-20 and treated for less than ten minutes and given Tylenol. OFFICER DOES knowing PLAINTIFF was ill acted with deliberate indifference to his condition. PLAINTIFF was incarcerated at the MIAMI DADE COUNTY Jail where his condition worsened and he became physically ill, including repeated vomiting and loss of consciousness.

19. Despite efforts by the Miami-Dade Assistant Public Defender to obtain judicial intervention on the following day, PLAINTIFF still did not receive medical attention. OFFICER DOES 10-20 were fully aware that the judicial officer requested adequate medical attention for the PLAINTIFF but refused to give him that attention. PLAINTIFF was released from jail on November 21, 2003 under bail posted by his friends. He was then taken back to Jackson Memorial Hospital where he was placed in Intensive Care.

20. PLAINTIFF was treated for symptoms including a skull fracture, cerebral contusions, epidural hematoma, epidural hemorrhage, slurred speech, dizziness, vomiting, loss of consciousness and seizure. PLAINTIFF remained in the hospital for nine days and amassed medical bills in excess of Fifteen Thousand Dollars.

21. As a result of the injuries, PLAINTIFF was unable to complete the fall, 2003 semester at his University, as rehabilitation prevented him from attending classes for one month. The events of November 20, 2003 have caused an immediate negative impact on PLAINTIFF'S cognitive, physical and psychological health, resulting in injury to his academic, professional and personal life.

22. To this day PLAINTIFF'S relationship with his family has deteriorated, he

has missed school, been kept back at the University of Massachusetts, and has not been able to live a full and happy life subsequent to and as a result of the actions of the DEFENDANTS in this case.

23. At no time during the above-described events was PLAINTIFF armed with a weapon or engaged in any violent or otherwise unlawful behavior. At no time during the above-described events did PLAINTIFF pose any threat or risk of harm to the safety of himself or others that would have justified the use of physical force by police officers. No reasonable police officer could have concluded that PLAINTIFF posed any threat or risk of harm to the police officers or to other persons or property in the area.

24. The force used by the defendant OFFICER DOE 1 and/or 6 against PLAINTIFF was excessive and without lawful justification.

25. The use of the wooden baton in an overhand motion against PLAINTIFF'S skull constituted lethal force.

26. Defendant, OFFICER DOE 1 and/or 6, knew or should have known PLAINTIFF posed no threat to him or to other persons or property in the area, and therefore used his police baton negligently, recklessly, intentionally, maliciously, tortuously, and/or with intent to kill and/or commit serious bodily injury upon PLAINTIFF, and to violate his civil rights.

27. Defendant, OFFICER DOE 21, had no warrant for the arrest of PLAINTIFF, no probable cause for his detention or arrest and no legal cause or excuse to seize his person.

28. Defendant, OFFICER DOE 21, knew or should have known PLAINTIFF was not engaged in, disorderly or unlawful conduct, and therefore his arrest was false and

committed negligently, recklessly, intentionally, maliciously, tortuously, and/or with intent to violate PLAINTIFF'S civil rights.

29. Defendants CITY OF MIAMI and/or JENNE, and/or DOES [1-10], knew or should have known that PLAINTIFF was not engaged in violent, disorderly, or otherwise unlawful behavior, and therefore the failure to properly train and supervise and/or intervene with defendants OFFICER DOE 1and/or 6 was committed negligently, recklessly, intentionally, maliciously, tortuously, and/or with intent to kill and/or commit serious bodily injury upon PLAINTIFF and to violate his civil rights.

30. Defendants CITY OF MIAMI and/or JENNE, and/or DOES [1-10] are liable through application of respondeat superior pursuant to § 768.28 of the Florida Statutes. .

31. Defendant MIAMI DADE COUNTY and DOES 10-20 were aware of the injuries sustained by PLAINTIFF and refused to give him adequate medical attention.

32. The incident of misconduct and injury suffered by PLAINTIFF was just one among many that occurred during the FTAA meetings of November 18 through 21, 2003, in Miami, Florida. What happened to PLAINTIFF was not an isolated incident of the defendants CITY OF MIAMI and JENNE'S use of unreasonable, excessive and lethal force at the FTAA summit meeting protest. Witness accounts as well as filmed accounts demonstrate a number of similar episodes. These actions demonstrate a pattern, custom and practice by each of the Defendants.

33. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, PLAINTIFF suffered the following injuries and damages:

a. Violation of his constitutional rights under the First, Fourth, Eighth and

Fourteenth Amendment under the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment, and denial of adequate medical treatment;

b. Medical expenses;

c. Physical pain and suffering, physical disfigurement, humiliation, scorn, ridicule and emotional trauma and suffering; and

d. Damage to normal cognitive function resulting in damage to academic career and subsequent loss in earning capacity.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF SUBSTANTIVE RIGHTS UNDER THE FIRST, FOURTH, EIGHTH and FOURTEENTH AMENDMENTS [as to CITY OF MIAMI, SHERIFF JENNE, OFFICER DOE and DOES 1-10]

34. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

35. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights, and rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

36. As previously alleged PLAINTIFF was brutally attacked by Defendants while in the area of Flagler Street and Biscayne Boulevard while participating in a demonstration. The attack on the PLAINTIFF was perpetrated by the offenders while the PLAINTIFFS back was toward them.

37. Defendants, CITY OF MIAMI and/or JENNE'S policies and practices of striking peaceful citizens on the head with police batons constitute unreasonably excessive deadly force and physical brutality, without basis or justification, and violate the First, Fourth, Eighth and Fourteenth Amendment rights under the United States Constitution.

38. Defendant, OFFICER DOE 1 and/or 6, knew or should have known PLAINTIFF posed no threat to him or to other persons or property in the area, and therefore used his police baton negligently, recklessly, intentionally, tortuously, and/or with intent to kill and/or commit serious bodily injury upon PLAINTIFF, and to violate his civil rights.

39. The physical attack on PLAINTIFF by means of bludgeoning him on the head three times from behind with a three foot-long wooden police baton effectuated by OFFICER DOE 1 and/or 6 constituted unreasonably excessive deadly force and physical brutality without basis or justification, and violated his First, Fourth, Eighth and Fourteenth Amendment rights under the United States Constitution.

40. Said violation was intentionally committed by said defendants OFFICER DOES 1-10 and was willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant

41. The physical assault on PLAINTIFF by means of bludgeoning him on the head three times from behind with a three foot-long wooden police baton was done under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10.

42. Additionally, Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 knowing of the injuries sustained by the PLAINTIFF with deliberate indifference failed to provide adequate medical attention to the PLAINTIFF while the PLAINTIFF stood bleeding and requesting help.

43. At the time of these constitutional violations, said defendants CITY OF MIAMI and/or SHERIFF JENNE had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of First, Fourth, Eighth and Fourteenth Amendment rights use excessive lethal force against lawful citizens.

44. Because of their presence on the scene and/or knowledge of the events alleged herein, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 are liable for the constitutional violations committed by OFFICER DOE 1 and/or 6 and for the injuries sustained by PLAINTIFF described herein.

45. Because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE are liable for the constitutional violations committed by OFFICER DOE 1 and/or 6 and for the injuries sustained by PLAINTIFF described herein

46. The aforementioned acts by said defendants were willful, wanton, malicious, oppressive, and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF RIGHTS TO SECURITY AGAINST UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENT [as to ALL DEFENDANTS]**

47. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

48. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution, for violation of PLAINTIFF'S right to be free from an unreasonable search and seizure.

49. Defendants, CITY OF MIAMI and/or JENNE'S policies and practices of conducting arrests without warrant, basis or justification violates the Fourth and Fourteenth Amendment under the United States Constitution

50. As previously alleged PLAINTIFF was wrongfully and illegally arrested while exercising his First Amendment Right to protest in the area of Flagler Street and Biscayne Boulevard.

51. Defendant, OFFICER DOE 21, had no warrant for the arrest of PLAINTIFF, no probable cause for his detention or arrest and no legal cause or excuse to seize his person. Said Defendants knew or should have known PLAINTIFF was not engaged in disorderly or unlawful conduct, and therefore his arrest was false and committed negligently, recklessly, intentionally, tortuously, and/or with intent to violate PLAINTIFF'S civil rights.

52. The arrest of PLAINTIFF as he peacefully and lawfully exercised his constitutional right to non-violent protest on November 20, 2003 at the FTAA demonstration effectuated by OFFICER DOE 21 violated his Fourth and Fourteenth

Amendment rights under the United States Constitution

53. Said violation was intentionally committed by said defendant, and was willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant.

54. The false arrest of PLAINTIFF was done under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10.

55. At the time of these constitutional violations, said defendants had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of Fourth and Fourteenth Amendment rights effect unreasonable searches and seizures against lawful citizens.

56. By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts by their subordinate officers, SUPERVISING OFFICER DEFENDANTS, CITY and JENNE established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by SUPERVISING OFFICER DEFENDANTS, CITY and JENNE was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

57. Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of

encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, SUPERVISING OFFICER DEFENDANTS, CITY and JENNE were deliberately indifferent to the constitutional violations being committed by their subordinates, including POLICE OFFICER DEFENDANTS.

58. Because of their presence on the scene and/or knowledge of the events alleged herein, and because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 are liable for the constitutional violations committed by OFFICER DOE 21 and OFFICER DOES 1-10 and for the injuries sustained by PLAINTIFF described herein.

59. The aforementioned acts by said defendants were willful, wanton, malicious, oppressive, and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## THIRD CAUSE OF ACTION

### CONSPIRACY TO VIOLATE CIVIL RIGHTS WHILE ACTING UNDER THE COLOR OF LAW 42 U.S.C. § 1983 [AS TO ALL DEFENDANTS]

60. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

61. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights.

62. PLAINTIFF, a nineteen year old student, was brutally attacked after being

false arrested, in violation of his Due Process rights to life and liberty, against unreasonable search and seizure, and in violation of his freedom of expression right to protest.

63. The arrest of PLAINTIFF as he peacefully and lawfully exercised his constitutional right to non-violent protest on November 20, 2003 at the FTAA demonstration effectuated by OFFICER DOE 21 violated his Fourth and Fourteenth Amendment rights under the United States Constitution

64. The willful denial of PLAINTIFF'S civil rights was done under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or MIAMI DADE

65. Said violation was intentionally committed by said defendant, and was willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant COUNTY and DOES 1-10.

66. At the time of these constitutional violations, said defendants had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of First, Fourth, Eighth and Fourteenth Amendment rights use excessive lethal force, effect unreasonable searches and seizures and deny adequate medical treatment. Because of their presence on the scene and/or knowledge of the events alleged herein, and because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE and/or MIAMI DADE COUNTY and DOES 1-20 are liable for the constitutional violations

committed and for the injuries sustained by PLAINTIFF described herein and for conspiracy to violate civil rights.

67. The aforementioned acts by said defendants were willful, wanton, malicious, oppressive and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS [as to CITY OF MIAMI, SHERIFF JENNE, MIAMI DADE COUNTY and DOES 1-20]**

68. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

69. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights.

70. At the time and place alleged herein, POLICE OFFICER DEFENDANTS were present at the immediate scene of the bludgeoning of decedent.

71. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and cover-up of the shooting of PLAINTIFF.

72. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the bludgeoning and cover-up of the bludgeoning of PLAINTIFF, and were compelled to do so as peace officers under

the laws of the State of Florida and under the Constitution of the Untied States of America.

73. At said date and location, in deliberate indifference to the life, health and Constitutional rights of PLAINTIFF, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from so intervening.

74. As a result thereof, said defendants unlawfully bludgeoned PLAINTIFF in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

75. Thereafter, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted bludgeoning of PLAINTIFF'S decedent and further failed to intervene to prevent the unlawful and malicious cover-up of the true facts of the incident.

76. The aforementioned acts of POLICE OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

77. At the time and place alleged herein, DOES 1-10 were present at the immediate scene of the bludgeoning, false arrest and fail to provide adequate medical treatment to PLAINTIFF.

78. At the time and place alleged herein, CITY OF MIAMI, SHERIFF JENNE, and DOES 1-10, were, or were not, present at the immediate scene but were aware of the bludgeoning, false arrest and failed to provide adequate medical treatment to PLAINTIFF.

79. At the time and place alleged herein, MIAMI DADE COUNTY, and

DOES 10-20, were, or were not, present at the immediate scene but were aware of the bludgeoning, and false arrest of PLAINTIFF but failed to provide adequate medical treatment to PLAINTIFF

80. Thereafter, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified assault, unwarranted arrest and unlawful medical neglect of PLAINTIFF.

81. At said date and location, in deliberate indifference to the life, health and constitutional rights of PLAINTIFF, said defendants intentionally refrained from so intervening.

82. As a result thereof, PLAINTIFF was subject to bludgeoning over the head with a police baton, false arrest and denial of adequate medical treatment, and suffered serious and permanent injuries.

83. The actions taken under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 who had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of First, Fourth, Eighth and Fourteenth Amendment rights use excessive lethal force against lawful citizens and because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 are liable for the constitutional violations committed and for the injuries sustained by PLAINTIFF described herein.

84. PLAINTIFF had been physically harmed, sustained fractures to his head, was bleeding, was bruised and complained yet received inadequate treatment.

85. The aforementioned acts by said defendants were willful, wanton, malicious, oppressive, and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF SUBSTANTIVE RIGHTS TO ADEQUATE MEDICAL ATTENTION UNDER THE EIGHTH AND FOURTEENTH AMENDMENT [as to ALL DEFENDANTS]**

86. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

87. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights.

88. On or the date of the bludgeoning with a police baton and false arrest of PLAINTIFF, he possessed the right, guaranteed by the Eighth Amendment of the United States Constitution, to be provided with reasonable medical attention while in custody and control of a police agency such as CITY OF MIAMI.

89. On said date, OFFICER DOE 21 and/or CITY OF MIAMI and/or DOES 1-10, and each of them, acting within the course and scope of their duties as officers, supervisors and/or agents of the CITY OF MIAMI, deprived PLAINTIFF of his right to be provided with reasonably adequate medical attention and care, despite visible physical head injuries, and despite an increasingly deteriorating condition, including vomiting and repeated loss of consciousness

90. Additionally, on said date, the MIAMI DADE COUNTY and DOES 10-20, while the PLAINTIFF was in the custody of the MIAMI DADE MIAMI DADE COUNTY DEPARTMENT OF CORRECTIONS was aware that the Defendant was sick, vomiting, semi-conscious, complaining, and bleeding, deliberately and/or negligently provided him with inadequate medical attention.

91. The failure to provide adequate medical treatment to PLAINTIF, effectuated by OFFICER DOE 21 and/or CITY OF MIAMI and/or MIAMI DADE COUNTY an/or DOES 1-20, was in deliberate indifference to his serious medical needs.

92. Said violation was intentionally committed by said defendant, and was willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant.

93. The failure to provide adequate medical treatment to PLAINTIFF was done under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE, MIAMI DADE COUNTY and/or DOES 1-20. At the time of these constitutional violations, said defendants had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of Eighth Amendment rights deny adequate medical treatment to injure wards. Because of their presence on the scene and/or knowledge of the events alleged herein, and because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE and/or MIAMI DADE COUNTY and/or DOES 1-10 are liable for the constitutional violations committed and for the injuries sustained by PLAINTIFF described herein.

94. The aforementioned acts by said defendants were willful, wanton, malicious, oppressive, and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## SIXTH CAUSE OF ACTION

**BATTERY [as to CITY OF MIAMI, SHERIFF JENNE, and DOES 1-10]**

95. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

96. Officer DOES 1-10 were employed by the CITY OF MIAMI and/or JENNE,

97. At the time and placed alleged herein, defendant OFFICER DOE 1 and/or 6 physically battered PLAINTIFF by bludgeoning him on the head three times from behind with a three foot-long wooden police baton without lawful cause or basis.

98. As a result, PLAINTIFF was subject to serious bodily injury and harmful contact.

99. PLAINTIFF did not consent to said battery.

100. Said battery was intentionally committed by said defendant, and was willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant.

101. The battery of PLAINTIFF occurred under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10.

102. The aforementioned acts by said defendants were willful, wanton,

malicious, oppressive, and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE and/or RECKLESS CONDUCT [as to ALL DEFENDANTS]

103. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiff is informed and believes and thereon alleges the following:

104. Defendant OFFICER DOE 1 and or DOE 6 owed a duty of reasonable care to the PLAINTIFF, which s/he violated by bludgeoning him on the head three times with a baton, in a negligent and/or reckless fashion.

105. Defendant OFFICER DOE 21 owed a duty of reasonable care to the PLAINTIFF, which he violated by falsely arresting him and by failing to provide adequate medical treatment.

106. As a proximate result of said negligent and/or reckless conduct, PLAINTIFF suffered severe and permanent economic and non-economic injuries including, but not limited to: medical expenses, damage to normal cognitive function, damage to academic career and resulting loss in earning capacity, disfigurement, physical pain and suffering, humiliation, scorn, ridicule, and emotional and psychological distress

107. PLAINTIFF did not consent to said negligent and/or reckless conduct.

108. Said conduct was negligently and/or recklessly committed by said defendants, and was oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendant.

109. The negligent and/or reckless conduct occurred under the supervision and direction of Defendants, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10. At that time, said defendants had in place and had ratified policies, procedures, customs and practices which permitted and encouraged officers to unjustifiably, unreasonably and in violation of State law, conduct negligent and/or reckless conduct against lawful citizens. Because of their presence on the scene and/or knowledge of the events alleged herein, and because of the establishment of policies and practices described above as well as their failure to adequately train their subordinates, CITY OF MIAMI and/or SHERIFF JENNE and/or DOES 1-10 are liable for the negligence and/or recklessness committed and for the injuries sustained by PLAINTIFF described herein.

110. The aforementioned acts by said defendants were negligent and/or reckless, oppressive and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## EIGHTH CAUSE OF ACTION

### DELIBERATE INDIFFERNCE AS TO DEFENDANTS MIAMI, MIAMI DADE COUNTY, and SHERIFF JENNE IN VIOLATION OF 42 U.S.C. 1983

111. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

112. This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of the procedural and substantive due process rights of PLAINTIFF.

113. At the time and place alleged herein, POLICE OFFICER DEFENDANTS were present at the immediate scene of the bludgeoning of decedent.

114. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and cover-up of the shooting of PLAINTIFF.

115. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the bludgeoning and cover-up of the bludgeoning of PLAINTIFF, and were compelled to do so as peace officers under the laws of the State of Florida and under the Constitution of the Untied States of America.

116. At said date and location, in deliberate indifference to the life, health and Constitutional rights of PLAINTIFF, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from so intervening.

117. As a result thereof, said defendants unlawfully bludgeoned PLAINTIFF in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

118. Thereafter, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted bludgeoning of PLAINTIFF'S decedent and further failed to intervene to prevent the unlawful and malicious cover-up of the true facts of the incident.

119. The aforementioned acts of POLICE OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

120. Defendants MIAMI, MIAMI DADE MIAMI DADE COUNTY DEPARTMENT OF CORRECTIONS and JENNE have a duty to prepare and maintain adequate documentation reflecting the actions of each of them in their official duties during the arrest, custody and care of detainees and arrestees.

121. Again, PLAINTIFF was viciously attacked by DEFENDANTS MIAMI and SHERRIFF JENNE and/or DOES 1-10, yet there are no records of who used force against PLAINTIFF or the justification thereto.

122. No use of force report was prepared in connection with the aforementioned attack.

123. PLAINTIFF was then provided with inadequate medical attention and there are no records of the Defendants MIAMI, MIAMI DADE MIAMI DADE COUNTY DEPARTMENT OF CORRECTIONS and JENNE recording the parties who came into contact with PLAINTIFF and indicating who made decisions regarding the medical treatment of the PLAINTIFF.

124. Defendants MIAMI, MIAMI DADE COUNTY and JENNE each negligently implemented a system of documentation to preclude investigation of claims of negligence or violation of constitutional rights of citizens and/or residents including failure to maintain records of complaints by PLAINTIFF as to his medical condition and treatment, requests for help, and records of names of medical personnel and corrections officers who witnessed PLAINTIFF'S condition.

125. Defendant MIAMI DADE COUNTY failed to record the initial appearance of PLAINTIFF and thus deprived him of his rights under the Fifth, Sixth, Eighth Amendments, as PLAINTIFF, was deprived of evidence of his condition at the

initial hearing, thus not allowing him to challenge the proceeding, or document the failure to provide medical treatment and/or physical abuse that was readily apparent to others present at that hearing.

126. The aforementioned acts by said defendants were negligent and/or reckless, oppressive and in deliberate indifference to the rights, health and safety of PLAINTIFF, thereby justifying the awarding of exemplary and punitive damages as to said defendants

## PRAYER

Wherefore, the Plaintiff, EDWARD OWAKI, for each and every cause of action above demands the following relief, jointly and severally, against all the defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Exemplary damages, against each and every defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter and to make an example of those defendants;
c. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;
d. Costs of suit necessarily incurred herein;
e. Prejudgment interest according to proof;
f. Medical expenses
g. Punitive damages when allowed by law, in an amount sufficient to punish and deter future conduct; and
h. Such further relief as the Court deems just or proper.

Dated: November 17, 2005

Respectfully submitted;

Law Offices of Chavez & de Leon, P.A.
5975 Sunset Drive, Suite 605
S. Miami, FL 33143
Tel: 305-740-5347

By: ______________________
JOHN DE LEON,
Fla. Bar No. 650390
Cooperating Attorney for the American Civil Liberties Union Foundation of Florida, Inc., Miami Chapter

# CIVIL COVER SHEET

06-20737 CIV-KING

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

EDWARD OWAKI,

MAGISTRATE JUDGE GARBER

**DEFENDANTS**

THE CITY OF MIAMI, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) Amherst, Massachusetts

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Miami-Dade (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John de Leon, Esq.
Law Offices of Chavez & de Leon
5975 Sunset Drive, Suite 605
S. Miami, FL 33143 (305) 740-5347

ATTORNEYS (IF KNOWN)
Warren Bittner, Assistant City Attorney
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130 (305) 416-1800

(d) CIRCLE COUNTY WHERE ACTION AROSE:
(DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 1:06CV20737 King | BLG

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

IVa. 10 days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

A CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
B ☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

A REAL PROPERTY
☐ 210 Land Condemnation
B ☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

A TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med Malpractice
☐ 365 Personal Injury—Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
B ☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

A CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

B PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus
* ☐ 530 General
☐ 535 Death Penalty
* ☐ 540 Mandamus & Other
☐ 550 Civil Rights
*A or B

B FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

A LABOR
☐ 710 Fair Labor Standards Act
B ☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
B ☐ 791 Empl. Ret. Inc. Security Act

A BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

B SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

A FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

A OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
B ☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
* ☐ 890 Other Statutory Actions
*A or B

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $** in excess of $15,000
Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) None JUDGE ______ DOCKET NUMBER ______

DATE 3-24-06 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F I-2

FOR OFFICE USE ONLY: Receipt No. 737311 Amount: $250.00
Date Paid: 03/24/06 M/ifp: ______