UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-20737-CIV-KING/GARBER

EDWARD OWAKI,

    Plaintiff,

v.

CITY OF MIAMI, *et al*.,

    Defendants.

_____/

**PROTECTIVE ORDER CONCERNING
MPD's FTAA OPERATIONAL PLAN**

**THIS CAUSE** came before the Court upon PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF OPERATIONAL PLAN [DE 38], and the CITY OF MIAMI's MOTION FOR PROTECTIVE ORDER [DE 39], and considering the moving and opposition papers, the argument of counsel, and conducting an *in camera* review of the Miami Police Department's FTAA Operational Plan (hereinafter the "Plan"), which is the subject of these motions, it is hereby

ORDERED AND ADJUDGED that:

1. PLAINTIFF's MOTION TO COMPEL and the CITY's MOTION FOR PROTECTIVE ORDER are both GRANTED in part and DENIED in part as follows:

    a.    Based on Plaintiff's concession at oral argument that he does not seek disclosure of the marine or aviation portions of the Plan, those portions of the Plan (which includes all materials submitted by the United States Coast Guard), shall be excised and removed by the CITY from the copy of the Plan located in Chambers before any inspection of the Plan by Plaintiff's counsel, Ray Taseff (hereinafter the "excised portion of the Plan");

b. **"Attorneys Eyes Only Information**," as used herein, means all the information contained within the Plan, as well as the organization of the information contained within the Plan.

c. Plaintiff's counsel, Ray Taseff, Esq., and his designated expert, may inspect the **Attorneys Eyes Only Information** in Chambers, except for the "excised portion of the Plan" described in paragraph 1(a) above.

d. The inspection of the **Attorneys Eyes Only Information** in Chambers shall be done in the presence of an attorney for the CITY.

e. Plaintiff's counsel may make notes of the **Attorneys Eyes Only Information.** Any of such notes made by plaintiff's counsel shall be retained by said attorney and not released to any other person, nor shall the contents of same be revealed to any other persons excepting those permitted by this Order to view the contents of the FTAA Operational Plan.. Violation of this provision shall constitute an act of contempt of this Court's Order and may be severely sanctioned by the Court.

f. **Attorneys Eyes Only Information** shall be used solely for purposes of this litigation and no other purpose, and under no circumstances shall **Attorneys Eyes Only Information** be disclosed, or permitted to be disclosed, to persons other than as provided in this Order.

g. **Attorneys Eyes Only Information** shall not be provided to, shown to, made available to, or *communicated* **in any way** to, any person or entity, with the exception of:

(1) The plaintiff Edward Owaki;

(2)  The Court or its staff in connection with the Court's administration and adjudication of this action;

(3)  The attorneys on behalf of any party to this action;

(4)  Persons especially retained by attorneys of record in this litigation to assist in the preparation of the case for trial (specifically experts), who have a need to use some or all of the **Attorneys Eyes Only Information;**

(5)  The Command Staff of the Miami Police Department.

h.  Before disclosing **Attorneys Eyes Only Information** to a expert pursuant to paragraph 1(g)(3) above, the disclosing attorney shall:

(1)  Apprise the expert of the confidential nature of the **Attorneys Eyes Only Information;**

(2)  Apprise the expert that the Court has enjoined the disclosure of **Attorneys Eyes Only Information** for any purpose other than this litigation and has enjoined the disclosure of the **Attorneys Eyes Only Information** to any other person; and

(3)  Show the expert a copy of this Order and have the expert sign and date each page of this Order signifying that he or she acknowledges and agrees to adhere to the restrictions contained within, and will be bound by, this Order.  This signed and dated copy shall be retained by the attorney disclosing the **Attorneys Eyes Only Information** to the expert**.**

2.  A violation of this Order may be punished by contempt of Court.

3. Unless and until the restrictions herein are modified either by stipulation of counsel for all parties (after first being approved by the Court), or by subsequent order of the Court, the terms of this Order shall survive the termination of this action, and the Court shall retain jurisdiction of this matter to enforce the provisions of this Order.

**DONE AND ORDERED** in Chambers at Miami, Miami-Dade County, Florida this 1st day of February, 2007.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Ray Taseff, Esq.
Warren Bittner, Asst. City Atty.
Osnat Rind, Esq.